

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2010

# In Re: Matthew Faison Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Matthew Faison Jr. " (2010). *2010 Decisions.* Paper 1174.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1174

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2439
_____

IN RE:  MATTHEW FAISON, JR.,
                                        Petitioner


_____


On Petition for a Writ of Mandamus from the
United States District Court for the
District of the Virgin Islands
(Related to D. V.I. Civ. No. 04-cv-00060)


_____


Submitted Under Rule 21, Fed. R. App. P.
May 28, 2010
Before:  MCKEE, CHIEF JUDGE, SCIRICA and WEIS, CIRCUIT JUDGES

(Opinion Filed: June 8, 2010)


_____

OPINION


_____

PER CURIAM.

       Matthew Faison has filed a mandamus petition pursuant to 28 U.S.C. §

1651, wherein he apparently seeks to compel the District Court for the District of the

Virgin Islands to rule on a motion to stay proceedings he filed back in October 2005.

1

Finding no basis for granting mandamus relief, we will deny the petition.

From a review of the District Court docket, an order dismissing the underlying complaint for lack of jurisdiction was entered by the District Court on April 28, 2004, and Faison's reconsideration motion was subsequently denied in an order entered on March 21, 2005. Despite the fact that the complaint had been dismissed and the Clerk had been directed to close the case, Faison filed two post-judgment motions seeking to stay proceedings – one on April 5, 2005 and the other on October 12, 2005. Contrary to Faison's present contention, the District Court disposed of his request to stay the proceedings in an order entered on October 14, 2005. Accordingly, his petition for writ of mandamus seeking to compel the District Court to dispose of his stay request is moot.

To the extent Faison may be seeking to challenge the District Court's disposition of his post-judgment stay motion, such review was available in the form of an appeal to this Court. A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (1997). Of course, a notice of appeal from the District Court's October 14, 2005 order was due to be filed more than four and a half years ago.

For the foregoing reasons, the petition for a writ of mandamus will be denied.

2